# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CRIMINAL ACTION NO. 24-CR-47-KKC**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**V.**     **UNITED STATES' MEMORANDUM IN SUPPORT OF
          MOTION TO CONTINUE SENTENCING**

**ZALAN PAUL DULIN**                                                                 **DEFENDANT**

\* \* \* \* \*

The United States requests to continue the sentencing in this matter. The government may bring another case against the Defendant (and others) that may be appropriate for consolidation with this case for sentencing purposes. Although the United States does not believe that the Court is required to consolidate the cases for sentencing purposes, the requested continuance provides the Court with the opportunity to do so.

The undersigned found little case law discussing the legal standard for consolidation of cases for sentencing. However, it appears that a district court enjoys significant discretion in its decision whether or not to consolidate cases. *See United States v. Mysin*, No. 2:11-cr-00427-TLN, 2018 U.S. Dist. LEXIS 213074, at *5 (E.D. Cal. Dec. 17, 2018) (citing *Hall v. Hall*, 584 U.S. 59, 77 (2018)). For the reasons discussed herein, if a new case against the Defendant is charged, the United States asks the Court to exercise its discretion in favor of consolidation.

This case and the new case share some factual background. This case involves charges relating to child sexual abuse material ("CSAM"). The other matter relates to an incident in which the Defendant and two others shot at a Lexington Police Department ("LPD") detective. Law enforcement located the phone containing sexually explicit images of the Defendant's minor girlfriend when they arrested the Defendant for the shooting. Accordingly, while this case and the prospective case involve very different crimes, the cases have common investigating officers, search warrants, and subpoenas; and the cases share one common defendant.

Further, "[t]he Guidelines encourage…attention to the potential unfairness of duplicative punishment resulting solely from prosecutorial charging decisions." *United States v. Fornia-Castillo*, 408 F.3d 52, 74 (1st Cir. 2005). Here, the United States was aware of the aforementioned shooting before the indictment of this matter (and, in fact, one of the assailants was charged with a firearm offense on March 1, 2024).[1] However, because the Defendant was not a felon-in-possession and other available charges were not immediately apparent, the United States did not charge the Defendant for any crime relating to the shooting in this indictment. To the extent that the undersigned should have appreciated possible criminal liability for the shooting before charging this case, the undersigned hopes to avoid a situation in which the Defendant faces multiple, successive punishments because of that oversight.

---

[1] *See United States v. Sharp,* 5:24-mj-5090, DE# 1.

If the Defendant is charged and timely pleads guilty in the new case, the Guidelines allow for consolidated sentencing.[2] *See e.g., United States v. Wilson*, 593 F. App'x 942, 945 (11th Cir. 2014)( "The plain language of the Guidelines commentary directs that the grouping rules 'apply to multiple counts of conviction . . . contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding.'")(citing USSG Ch.3, Pt.D, intr. comment.). *See also* USSG § 5G1.2 comment. (n. 1) ("This section applies to multiple counts of conviction (1) contained in the same indictment or information, or (2) contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding.").

In sum, if the United States accepts the new case for prosecution, the United States believes that consolidated sentencing may be appropriate. However, the United States requires additional time to assess the viability of new charges against this Defendant. The United States requests that that Court continue the sentencing generally and hold a status conference in thirty to sixty days. Even if the government does not have a charging document in hand at the requested status conference, it should be able to better advise the Court of its intentions at that time.

---

[2] Recently, on *United States v. Stafford*, Judge Reeves granted the parties' request for consolidated sentencing. *See* 5:23-CR-67-DCR-EBA, DE# 63. The undersigned found the consolidated pre-sentence report surprisingly straightforward. The consolidation of the sentencing has now allowed for further efficiency at the appellate stage. *See* 5:23-CR-67-DCR-EBA, DE# 99.

        Respectfully submitted,

        PAUL C. McCAFFREY
        UNITED STATES ATTORNEY

By:   <u>Mary L. Melton</u>
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507-1612
       (859) 685-4802
       Mary.Melton@usdoj.gov

## **CERTIFICATE OF SERVICE**

On July 22, 2025, I electronically filed this response through the ECF system, which will send notice of docket activity to defense counsel of record.

        <u>s/ Mary Lauren Melton</u>
        Assistant United States Attorney